**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEELYN M. ALEXANDER,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA i/p/a METROPOLITAN FAMILY HEALTH NETWORKS and JERSEY CITY MEDICAL CENTER,<br>Defendants. | Civil Action No.: 16-1864 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant United States of America's Motion to Vacate Default and Dismiss the Complaint without Prejudice pursuant to Rules 55 and 12(b)(1) of the Federal Rules of Civil Procedure, respectively (ECF No. 2), and Plaintiff Leelyn M. Alexander's "Motion for Extension to File Tort Claim Out-of-Time." (ECF No. 3). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion in its entirety. Furthermore, denies Plaintiff's Motion as moot.

## BACKGROUND

On October 27, 2016, Plaintiff filed an action against Defendants Jersey City Medical Center ("JCMC") and the United States of America i/p/a Metropolitan Family Health Networks ("Defendant USA") in the Superior Court of New Jersey, Hudson County, Law Division alleging medical malpractice in connection with treatment she sought from Defendants. (*See* ECF No. 1-1 ("Compl.")). Plaintiff claims that the named Defendants failed to provide "vital minimal (*sic*) invasive surgical treatment to cure [Plaintiff's] ovarian tumors." (Compl. ¶ 1). On January 22,

2016 the Clerk of the Superior Court of New Jersey entered default against Defendant USA.

On April 4, 2016, Defendant USA removed the action to this Court pursuant to 28 U.S.C. § 2676(b) and 42 U.S.C. § 233(c). (ECF No. 1.) On April 8, 2016, Defendant USA filed the subject Motion to Vacate Default and Dismiss Plaintiff's Complaint claiming the Court lacks subject matter jurisdiction. (ECF No. 2; *see also* ECF No. 2-1, Defendant USA's Brief in Support of Motion to Vacate Default and Dismiss the Complaint without Prejudice pursuant to Rules 55 and 12(b)(1) of the Federal Rules of Civil Procedure, respectively ("Def. Mov. Br.")). In response, Plaintiff filed a "Motion for Extension to File Tort Claim Out-of-Time." (ECF No. 3). Defendant USA opposed Plaintiff's Motion relying on the arguments made in its initial Motion to Vacate Default and Dismiss. (ECF No. 4). This motion is now ripe for resolution.

## ARGUMENTS & ANALYSIS

### I.  Motion to Vacate Default

Actions against federally supported health care centers may only lie against the United States of America and those facilities are deemed eligible for protection under the Federal Tort Claims Act ("FTCA"), pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Act. 42 U.S.C. § 233(g). Metropolitan Family Health Networks is a federally supported health center within the meaning of the aforementioned statutory scheme. *See* ECF No. 2-2. Accordingly, any action against Metropolitan Family Health Networks must be brought against Defendant USA, who has now been appropriately substituted as a defendant in this case.

As a proper defendant herein, Defendant USA seeks vacation of the Superior Court of New Jersey's Order entering default against it, claiming it was never served with Plaintiff's complaint.

2

*See* Def. Mov. Br. at 2. When an action is removed to the District Court, any prior State Court Orders entered "remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. The District Court is then free to treat any such order as if said order was entered by the District Court. *In re Diet Drugs*, 282 F.3d 220, 232 n. 7 (3d Cir. 2002)(quoting *Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir.1988)).

The Federal Rules of Civil Procedure govern this action since it has been removed to the District Court. F.R.C.P. 81(c). Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). Insufficient service of process constitutes good cause to vacate default entered against a defendant. *See, e.g. United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d. Cir. 2000); *Mettle v. First Union Nat. Bank*, 279 F. Supp. 2d 598, 603 (D.N.J. Aug. 18, 2013)(stating that insufficient service of process constitutes good cause to vacate a State Court Order entering default). The Court in *Taylor v. Gilliam*, 2013 WL 6253654 (D.N.J. Dec. 4, 2013) vacated default entered against the United States because of improper service of process. *Taylor*, 2013 WL 6253654, at *6. Federal Rule of Civil Procedure 4(i) explains how to effectuate service of process on the United States of America. Specifically, a plaintiff must "deliver a copy of the summons and … complaint to the United States Attorney for the district where the action is brought[;]… [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(A) and (B).

Here, Defendant USA states that it was never served with Plaintiff's summons and complaint. *See* ECF No. 2-2. A review of the State Court files indicates Plaintiff only served Defendant Jersey City Medical Center and Metropolitan Family Health Services at their physical

3

places of business. Because this method of service does not comport with the requirement set forth by Fed. R. Civ. P. 4(i), Defendant USA's Motion to Vacate Default is granted for good cause pursuant to Fed. R. Civ. P. 55(c).

## II.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

"The United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941)(citations omitted). Absent clear Congressional consent, the District Court does not have jurisdiction to entertain suits against the United States. *Sherwood*, 312 U.S. at 587-88; *see also United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000)("federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit.").

The Federal Tort Claims Act ("FTCA") governs tort claims against the United States. *See* 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680. The FTCA constitutes clear Congressional waiver of sovereign immunity with regards to limited claims seeking monetary damages stemming from a "negligent or wrongful act or omission" by the United States, including any employees or agents "acting within the scope of [their] office or employment." 28 U.S.C. §1346(b)(1). Moreover, the FTCA provides the exclusive remedy for such alleged wrongdoing. 28 U.S.C. § 2679(b)(1). Therefore, any lawsuit against the United States for negligence, including medical malpractice, is governed by, and must comport with, the FTCA.

Strict compliance with 28 U.S.C. § 2675(a) is necessary to establish subject matter jurisdiction for an action under the FTCA. *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). Section 2675(a) provides that "[a]n action shall not be instituted upon a claim

4

against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a)(emphasis added). The claim must be presented to the Federal agency within two years after the claim has accrued. 28 U.S.C. §2401(b). Furthermore, the claimant has only six months to institute an action after he or she receives a "final denial of the claim by the agency to which [he or she] presented it." *Id.* Finally, a plaintiff asserting a claim under the FTCA bears the burden of establishing that he or she exhausted his or her administrative remedies prior to bring suit, which can be met by showing that the appropriate agency was given proper as proscribed by 28 U.S.C. § 2675(a). *Medina v. City of Phila.*, 219 F. App'x 169, 172 (3d Cir. 2007); *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 958-59 (3d Cir. 1982).

Here, Defendant USA asserts Plaintiff has not complied with the requirements of the FTCA. Specifically, Defendant USA claims Plaintiff never presented her claim to it in writing, as required by 28 U.S.C. § 2675(a). Defendant USA has searched its electronic database for any record of administrative tort claim filed on behalf of Plaintiff, and has found none. *See* ECF No. 2-2 (Defendant USA's certification that there is no record of Plaintiff filing a notice of tort claim in connection with this incident).

As discussed, the Court is without subject matter jurisdiction in FTCA actions when the requirements of the FTCA are not met. Accordingly, the Court must dismiss Plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(h)(3). The dismissal is without prejudice so as to permit Plaintiff to exhaust her administrative remedies in accordance with 28 U.S.C. § 2675(a), and refile her complaint if necessary.

### III. Motion to File Tort Claim Out-of-Time

Plaintiff's Motion for Extension to File a Tort Claim is denied as moot. First, the Court notes that Plaintiff's complaint states that Defendants' allegedly negligent conduct occurred on July 14, 2015. Accordingly, under 28 U.S.C. §2401(b) Plaintiff has until July 14, 2017 to comply with the requirements of the FTCA. Thus, no judicial Order is necessary as Plaintiff still has time to meet the requirements of the FTCA.[1] Next, as explained, this Court is without subject matter jurisdiction. Therefore, the Court is without authority to resolve Plaintiff's Motion and it must be denied.

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Vacate Default and Dismiss the Complaint is granted without prejudice. Plaintiff's right to pursue any administrative remedies in accordance with the FTCA remains unaffected. Plaintiff's Motion to File a Tort Claim Out-of-Time is hereby denied, as Plaintiff has until July 14, 2017 to file same. This Court will enter an appropriate order.

DATED: October 13, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

---

[1] Defendant USA concedes that Plaintiff still has time to exhaust her administrative remedies under the FTCA and may reinstitute this action thereafter. *See* Def. Mov. Br. at 8, n. 1.